[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roush v. Montgomery,* Slip Opinion No. 2019-Ohio-932.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-932

THE STATE EX REL. ROUSH, APPELLANT, *v.* MONTGOMERY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roush v. Montgomery,* Slip Opinion No. 2019-Ohio-932.]

*Mandamus and prohibition—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2018-0905—Submitted January 29, 2019—Decided March 20, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 17AP-791, 2018-Ohio-2098

————————————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment of the Tenth District Court of Appeals dismissing the complaint of appellant, Robert B. Roush, for a writ of prohibition or mandamus.  Roush, an inmate at the Ross Correctional Institution, seeks a writ requiring dismissal of an adoption proceeding concerning his biological child.  That case was brought in the probate division of the Franklin County Court

of Common Pleas, and the appellee in this action, Judge Robert G. Montgomery, is the judge of that court. In his brief to this court, Roush notes that Judge Montgomery has already granted the adoption. Under settled law, the issuance of a judgment in the adoption case does not moot the prohibition claim. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 8 (prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct a previous jurisdictionally unauthorized action); *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 11.

{¶ 2} Roush's main contention is that because an adoption cannot be granted under R.C. 3107.06 without the biological father's consent, he deprived the probate court of jurisdiction by withholding his consent to the adoption. Additionally, Roush contends that his incarceration and the biological mother's cease-and-desist-contact order against him negated the probate court's jurisdiction to grant the adoption based on a finding under R.C. 3107.07(A) that he had failed to maintain more than de minimis contact with the child over a period of one year or more.

{¶ 3} The court of appeals dismissed the prohibition claim, holding that the probate court had jurisdiction to render a determination under R.C. 3107.07(A) as to "whether [Roush] has failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year." 2018-Ohio-2098, ¶ 5, 7. Additionally, the court held that in case of an adverse ruling by the probate court, Roush had an adequate remedy at law though appeal. As for the mandamus claim, the court of appeals dismissed on the grounds that that writ was not available to control Judge Montgomery's exercise of judicial discretion in making determinations in the adoption case. Roush has appealed, and for the following reasons, we affirm the court of appeals' judgment.

2

**{¶ 4}** We review a dismissal for failure to state a claim de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. Thus, in reviewing the court of appeals' judgment in this case, we presume the truth of the factual allegations of the complaint and draw all reasonable inferences in favor of the nonmoving party, and we will affirm the judgment only if there is no set of facts under which the nonmoving party could recover. *Id.*

**{¶ 5}** The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). To demonstrate entitlement to a writ of prohibition, Roush has the burden to show (1) that Judge Montgomery has exercised or is about to exercise judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. As for his mandamus claim, Roush has the burden to establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Montgomery to provide that relief, and (3) a lack of an adequate remedy in the ordinary course of law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**{¶ 6}** Roush has sufficiently alleged that Judge Montgomery exercised judicial power by presiding over the adoption proceedings. Next, Roush must show that the exercise of that power was unauthorized by law. As a general matter, probate courts have exclusive jurisdiction over adoption proceedings. *In re Adoption of M.G.B.-E.*, 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236, ¶ 27; *see* R.C. 3107.01(D) (defining "court" for purposes of adoption laws as "probate courts of this state") and 3107.02(C) (prescribing what "the court shall require" when proceedings to adopt have been initiated by the filing of a petition).

**{¶ 7}** For support of his argument that Judge Montgomery was unauthorized to rule on the adoption, Roush points to R.C. 3107.06, which states

that an adoption petition "may be granted only if" written consent has been executed by certain people, including "[t]he father of the minor." But that statute sets forth a substantive criterion for the probate court to apply; it is not a jurisdictional limitation on the probate court's authority.

{¶ 8} The consent requirement is subject to exceptions set forth in R.C. 3107.07. Notable here is R.C. 3107.07(A), which abrogates the requirement that a parent consent when the parent has "failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year." Roush contends that this provision was invoked against him in the adoption proceeding and that because of his imprisonment and a no-contact order against him, that exception does not apply to him.

{¶ 9} Like R.C. 3107.06, R.C. 3107.07(A) does nothing more than prescribe a substantive criterion to be applied in adoption cases. Because the probate court clearly possessed jurisdiction to determine whether Roush's consent was required and because Roush could appeal any adverse judgment,[1] the court of appeals correctly concluded that the prohibition claim should be dismissed.

{¶ 10} We now turn to the mandamus claim. In essence, that claim consists of little more than applying a different label to the claim Roush already made for a writ of prohibition. The complaint states that "the writs [of prohibition and mandamus] should issue to compel dismissal of the underlying Probate case as set forth herein"; in other words, the mandamus claim seeks an order requiring Judge Montgomery to dismiss the adoption case on the grounds that his court lacks jurisdiction. For the reasons already stated, Roush has no legal right to such a dismissal, nor does Judge Montgomery have any legal duty to grant it. Moreover,

---

[1] Roush's brief to this court mentions an affidavit that he filed in the probate court that Judge Montgomery allegedly erred in rejecting. To the extent that that claim has any merit, it too can be asserted on appeal.

mandamus will not lie to control a judge's discretion to determine the legal and factual issues properly raised in the case before him. *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220, ¶ 7. It follows that the court of appeals properly dismissed the mandamus claim.

{¶ 11} In his brief, Roush questions the adequacy of appeal as a remedy, given that the court of appeals could affirm the trial court's judgment. Roush argues that "adequate remedy" "means more than merely making a remedy available"; it "requires that actual relief occur. Otherwise a writ may lie."

{¶ 12} But the likelihood of success of an appeal is not the measure of a remedy's adequacy. To be adequate, an alternative remedy such as appeal "must be complete, beneficial, and speedy." *State ex rel. Am. Legion Post 25 v. Ohio Civ. Rights Comm.*, 117 Ohio St.3d 441, 2008-Ohio-1261, 884 N.E.2d 589, ¶ 18. We have stated that "[a]bsent special circumstances or a 'dramatic fact pattern,' postjudgment appeal constitutes a complete, beneficial, and speedy remedy." *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.*, 78 Ohio St.3d 529, 531, 678 N.E.2d 1396 (1997). Here, the alternative remedy of appeal would be adequate: if Roush prevailed, he would get all the relief he seeks through reversal of the judgment granting the adoption. *See State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 11-13. Nor does the mere fact that the appeal itself takes time establish its inadequacy. *Id*. at ¶ 14.

{¶ 13} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Robert B. Roush, pro se.

_____