[Cite as *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 2021-Ohio-922.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Leroy L. McIntyre,  :

     Relator,  :

                                         No. 19AP-732

v.  :

                                       (REGULAR CALENDAR)

Ohio Adult Parole Authority,  :

     Respondent.  :

D E C I S I O N

Rendered on March 23, 2021

**On brief:** *Leroy L. McIntyre,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN PROHIBITION AND MANDAMUS
ON OBJECTION

BROWN, J.

{¶ 1} Relator, Leroy L. McIntyre, an inmate incarcerated at Ross Correctional Institution at the time of filing this action, commenced this original action in prohibition and mandamus seeking orders compelling respondent, Ohio Adult Parole Authority ("OAPA"), to declare relator's parole proceedings prior to February 3, 2016 void and to release relator from custody.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant OAPA's Civ.R. 12(B)(6) motion to dismiss.

{¶ 3} Pursuant to sentencing entries issued on September 9, 1991 and May 22, 1992, relator was convicted of felony offenses and sentenced to an aggregate prison term of

22 to 46 years. In *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, the Supreme Court of Ohio concluded that relator's 1991 and 1992 sentencing entries failed to comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. As such, the Supreme Court granted relator a writ of mandamus directing the trial court in relator's underlying criminal case to issue a final appealable order disposing of all charges against relator. On February 3, 2016, the Summit County Court of Common Pleas issued an entry disposing of all charges against relator and imposing the same 22 to 46-year prison sentence.

{¶ 4} Relator asserts in his complaint that his 1991 and 1992 sentencing entries were "deemed a nullity and void" by the Supreme Court's decision in *McIntyre*. (Compl. at 14.) As such, relator contends OAPA's actions premised on the 1991 and 1992 sentencing entries were also void. OAPA granted relator parole in 2007, revoked relator's parole in 2009, and denied relator parole in 2012 and 2016. Relator seeks a writ of prohibition "to declare" all his parole proceedings prior to February 3, 2016 "void." (Compl. at 14.) Relator seeks a writ of mandamus to compel OAPA "and/or the Department of Rehabilitation and Correction to immediately release him from further unauthorized and unconstitutional confinement in the (DRC) forthwith." (Compl. at 20.)

{¶ 5} The magistrate concluded relator was not entitled to a writ of prohibition, as OAPA had "already denied parole to relator" and a writ of prohibition could not issue to "prohibit the occurrence of an act which has already occurred." (Mag. Decision at 3.) The magistrate determined that relator's request for a writ of mandamus truly sought a writ of habeas corpus and that this court lacked jurisdiction to rule on relator's request for habeas corpus.

{¶ 6} Relator has filed an objection to the magistrate's decision. Relator asserts that, because the OAPA patently and unambiguously lacked jurisdiction over relator's parole proceedings prior to February 3, 2016, this court could issue a writ of prohibition to "correct the results of prior jurisdictionally unauthorized actions." (Obj. at 4.) Relator states that he is entitled to a writ of mandamus to compel OAPA to release him from custody.

{¶ 7} A court may dismiss a complaint seeking writs of prohibition or mandamus pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling them to the requested extraordinary writ. *State*

*ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *State ex rel. Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, ¶ 8. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 8} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). To demonstrate entitlement to a writ of prohibition, relator must establish that OAPA: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists.  *Roush* at ¶ 5; *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections*, 93 Ohio St.3d 592, 594 (2001); *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 185 (1999). *See State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 68 (1974) (stating that the "act of holding a hearing to decide whether one convicted of a crime shall be held in confinement or granted parole constitutes an exercise of judicial or quasi-judicial power").

{¶ 9} "Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions*." (Emphasis sic.)  *State ex rel. Litty v. Leskovansky*, 77 Ohio St.3d 97, 98 (1996). *Accord State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had "already exercised his judicial power by granting O'Brien's motion" did not preclude the opposing party from "obtaining a writ of prohibition," as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions); *Roush* at ¶ 1; *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, ¶ 14; *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, ¶ 8.

{¶ 10} Relator contends OAPA patently and unambiguously lacked jurisdiction to render parole decisions in his case prior to February 3, 2016, because relator's 1991 and 1992 sentencing entries were void. However, a sentence is void only "when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the

accused." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. When a sentencing court has jurisdiction to act, sentencing errors render the sentence "voidable, not void." *Id.* at ¶ 5. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 1 (following *Harper* to hold that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant"). The Summit County Court of Common Pleas had subject-matter jurisdiction over relator's criminal case and personal jurisdiction over relator. *See Harper* at ¶ 25, citing *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8; *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927).

{¶ 11} Accordingly, although the 1991 and 1992 sentencing entries failed to comply with Crim.R. 32(C) and *Baker*, the sentence imposed by those entries was not void. As such, OAPA's parole determinations premised on relator's 1991 and 1992 sentencing entries were lawful. Construing the factual allegations in relator's complaint as true, relator cannot establish that the OAPA patently and unambiguously lacked jurisdiction over his parole proceedings prior to February 3, 2016. As such, relator was not entitled to a writ of prohibition.

{¶ 12} When an action seeking a writ of mandamus can be "construed as a request for immediate release from prison, habeas corpus, rather than mandamus, is the proper action." *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93 (1998), citing *State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140 (1997). *See also State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470 (2001). As relator sought a writ of mandamus to compel his immediate release from prison, habeas corpus, not mandamus, was relator's proper action. Pursuant to R.C. 2725.03, only a court located in the county in which the petitioner is incarcerated possesses jurisdiction to issue or determine a writ of habeas corpus. Because the Tenth District Court of Appeals is located in Franklin County, Ohio, and relator is not incarcerated in Franklin County, Ohio, this court does not have jurisdiction over relator's habeas corpus proceeding.

{¶ 13} Following an independent review of this matter, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule the objection to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein, but modify that decision to additionally reflect that OAPA did not patently and unambiguously lack

jurisdiction over relator's parole proceedings prior to February 3, 2016. Consequently, we overrule relator's objection to the magistrate's decision, adopt the magistrate's decision as modified, and grant respondent's motion to dismiss the action.

*Objection overruled;*
*motion to dismiss granted; action dismissed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Leroy L. McIntyre,          :

          Relator,                              :

v.                                        :                    No. 19AP-732

Ohio Adult Parole Authority,              :                 (REGULAR CALENDAR)

          Respondent.                           :

---

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 27, 2020

---

*Leroy L. McIntyre,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

---

### IN PROHIBITION AND MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 14} Relator, Leroy L. McIntyre, has filed a complaint in this court seeking writs of prohibition and mandamus against respondent, Ohio Adult Parole Authority ("OAPA"), asserting that OAPA did not have jurisdiction to deny him parole and no longer has jurisdiction to keep him in custody.

Findings of Fact:

{¶ 15} 1. Relator is an inmate currently incarcerated at Ross Correctional Institution.

{¶ 16} 2. Relator filed his complaint in this court on October 25, 2019. Relator asserts:

> From September 9, 1991, up until February 3, 2016, McIntyre never had a final appealable order finalizing his case and sentence and it was not until the Ohio Supreme Court[']s granting of McIntyre's writ of mandamus and issuing the writ pursuant to S.Ct. Prac. R. 12.04(C), thus directing the Summit County Court of Common Pleas to dispose of all charges against him and to provide him with a final appealable order, to which then rendered McIntyre's sentence valid for the very first time.

(Emphasis sic.)

{¶ 17} Relator also asserts that "because no final appealable order existed prior to February 3, 2016, the Ohio Adult Parole Authority patently and unambiguously lacked jurisdiction over all parole proceedings prior to that date. * * * McIntyre respectfully requests a writ of prohibition to declare these proceedings void." Because the "Ohio Adult Parole Authority exercised executive power over all parole proceedings * * * premised upon the September 9, 1991, and May 22, 1992, judgment entries to which both was deemed a nullity and void by the Ohio Supreme Court. State ex rel McIntyre 2015-Ohio-5343 * * * the Ohio Adult Parole Authority patently and unambiguously lacked jurisdiction over the parole proceedings held against McIntyre" and he "requests a writ of prohibition to declare all Parole release consideration hearings, including and not limited to revocation proceedings void."

{¶ 18} 3. Relator also seeks a writ of mandamus to compel OAPA and/or the Department of Rehabilitation and Correction "to immediately release him from further unauthorized and unconstitutional confinement in the (DRC) forthwith."

{¶ 19} 4. On November 26, 2019, respondent filed a motion to dismiss asserting two grounds. First, respondent asserted relator sought habeas corpus relief, and this court did not have jurisdiction to provide him relief. Second, respondent asserted relator had failed to comply with the mandatory filing requirements of R.C. 2969.25(A) when he filed his prior cases affidavit.

{¶ 20} 5. On December 9, 2019, relator filed a brief in opposition.

{¶ 21} 6. On December 16, 2019, respondent filed a reply.

{¶ 22} 7. The matter is currently before the magistrate.

Conclusions of Law:

{¶ 23} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's complaint.

{¶ 24} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70 (1998). A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. *Id.* In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543 (2000).

{¶ 25} In the present case, relator asserts that he is entitled to a writ of prohibition because the OAPA lacked jurisdiction over his parole hearings. However, as above indicated, a writ of prohibition issues when a governing body is about to exercise jurisdiction. Here, the OAPA already denied parole to relator. Hence, those actions have occurred, and this court cannot prohibit the occurrence of an act which has already occurred. As such, relator is not entitled to a writ of prohibition.

{¶ 26} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 27} As indicated in the findings of fact, relator argues the OAPA did not have jurisdiction over him until February 2016 when the trial court issued a final appealable order. On those grounds, relator argues he can no longer be confined in custody.

{¶ 28} A writ of habeas corpus is an extraordinary remedy that is available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980.

> R.C. 2725.03 provides:
>
> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers

of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

**{¶ 29}** It is clear what relator seeks here is in fact a writ of habeas corpus and not a writ of mandamus as relator seeks immediate release from custody. R.C. 2725.03 requires that petitions for habeas corpus be filed in the county where the inmate is detained. Inasmuch as he is incarcerated at Ross Correctional Institution in Ross County, the Tenth District Court of Appeals which sits in Franklin County does not have jurisdiction over his habeas corpus proceeding.

**{¶ 30}** Based on the foregoing, relator cannot demonstrate that he is entitled to a writ of prohibition, and this court does not have jurisdiction to grant him relief in habeas corpus. As such, respondent's motion to dismiss should be granted.

/S/ MAGISTRATE
STEPHANIE BISCA

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).