[Cite as *State ex rel. Turner v. Collins*, 2021-Ohio-3492.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. John Louis Turner,     :

      Petitioner,     :

                    No. 19AP-862

v.     :

                    (REGULAR CALENDAR)

Emma Collins, Warden of     :
Pickaway Correctional Institution,

                    :

      Respondent.

                    :

D E C I S I O N

Rendered on September 30, 2021

**On brief:** *John Louis Turner*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Jerri L. Fosnaught*, for respondent.

IN HABEAS CORPUS
ON OBECTION TO THE MAGISTRATE'S DECISION

HESS, J.

**{¶1}** Petitioner, John Louis Turner, brought this original action requesting that this court issue (1) an injunction to "reopen" his criminal appeal in the Eleventh District Court of Appeals, or (2) a writ of habeas corpus ordering respondent, Emma Collins, warden at the Pickaway Correctional Institution, to release him from custody. [12/19/19 petition]

**{¶2}** Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including findings of fact and conclusions of law. [8/8/20 entry; 8/12/20 decision] The

magistrate determined that because petitioner is incarcerated in Pickaway County, but filed his habeas corpus petition in Franklin County, this court lacks jurisdiction over his habeas corpus petition pursuant to R.C. 2725.03. [8/12/20 decision] Thus, the magistrate recommended that this court grant respondent's motion to dismiss the petition. [*Id.*]

**{¶3}** Subsequently, petitioner filed a "motion to alter or amend the judgment," which we construe as an objection to the magistrate's decision. [8/26/20 motion] Petitioner contends that in his underlying criminal case, the trial court violated his constitutional rights because it failed to comply with Crim.R. 44(C) when it allowed him to waive counsel. [*Id.*] He asks this court to correct the purported error. [*Id.*]

**{¶4}** Petitioner does not challenge the magistrate's conclusion that this court lacks jurisdiction in this matter, and we agree with that conclusion. "Pursuant to R.C. 2725.03, only a court located in the county in which the petitioner is incarcerated possesses jurisdiction to issue or determine a writ of habeas corpus." *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-732, 2021-Ohio-922, ¶ 12. Because the Tenth District Court of Appeals is located in Franklin County, Ohio, and petitioner is incarcerated in Pickaway County, Ohio, this court does not have jurisdiction to entertain petitioner's request for a writ of habeas corpus. The magistrate did not address petitioner's request for an injunction to reopen his criminal appeal. However, "[t]he courts of appeals do not have original jurisdiction in injunction." *State ex rel. Dist. 1199, Health Care & Social Serv. Union, SEIU, AFL-CIO v. Gulyassy*, 107 Ohio App.3d 729, 733, 669 N.E.2d 487 (10th Dist.1995), fn. 2, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph four of the syllabus.

**{¶5}** Following review of the magistrate's decision, an independent review of the record, and due consideration of petitioner's objection, we find the magistrate properly determined the pertinent facts and applied the appropriate law with the exception of the failure to address the request for an injunction to reopen the criminal appeal. We overrule petitioner's objection and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. However, we modify that decision to reflect that this court lacks jurisdiction to consider petitioner's request for an injunction to reopen his criminal appeal. We also modify the magistrate's decision to correct a typographical error in paragraph 12, infra, which states "this court should

granted respondent's motion" but should state "this court should grant respondent's motion."  In accordance with the magistrate's decision, we grant respondent's motion to dismiss and dismiss this action.

*Objection overruled;*
*motion to dismiss granted;*
*action dismissed.*


DORRIAN and SCHUSTER, JJ., concur

HESS, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.

_____

**A P P E N D I X**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. John Louis Turner, :

        Petitioner, :

                                      No. 19AP-862

v. :

                              (REGULAR CALENDAR)

Emma Collins, Warden of :
Pickaway Correctional Institution,

                                :

        Respondent.

                                :

M A G I S T R A T E ' S  D E C I S I O N

Rendered on August 12, 2020

*John Louis Turner*, pro se.

*Dave Yost*, Attorney General, and *Jerri L. Fosnaught*, for respondent.

IN HABEAS CORPUS

**{¶6}** Petitioner, John Louis Turner, has filed this original action requesting that this court issue a writ of habeas corpus ordering respondent, Emma Collins, Warden, at Pickaway Correctional Institution, to immediately release him from incarceration because his sentence has expired.

<u>Findings of Fact</u>:

**{¶7}** 1. Petitioner is an inmate currently incarcerated at Pickaway Correctional Institution.

**{¶8}** 2. Pickaway Correctional Institution is located in Pickaway County, Ohio.

{¶9}  3. The Tenth District Court of Appeals, in which petitioner has filed this petition for a writ of habeas corpus, is located in Franklin County, Ohio.

{¶10} 4. On April 3, 2020, respondent filed a motion to dismiss, asserting that petitioner failed to file his petition in the proper county, pursuant to R.C. 2725.03.

{¶11} 5. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶12} For the reasons that follow, it is this magistrate's decision that this court should granted respondent's motion and dismiss petitioner's habeas corpus action.

{¶13} R.C. 2725.03 provides:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶14} A writ of habeas corpus is an extraordinary remedy that is available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 8.

{¶15} R.C. 2725.03 requires an inmate to file his or her petition for a writ of habeas corpus in the court of the county in which the institution is located. Petitioner is incarcerated in Pickaway County; thus,  petitioner was required to file his petition for a writ of habeas corpus in Pickaway County.

{¶16} Accordingly, because this court lacks jurisdiction over petitioner's habeas corpus petition, it is this magistrate's decision that this court should grant respondent's motion and dismiss the petition.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).