[Cite as *State ex rel. Duncan v. Ohio Adult Parole Auth.*, 2024-Ohio-5994.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Johnny T. Duncan, | : | |
| Relator, | : | |
| | : | No. 23AP-771 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on December 23, 2024

**On brief:** *Johnny T. Duncan*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Salvatore P. Messina*, and *Adam Beckler*, for respondent.

IN PROHIBITION
ON OBJECTIONS AND MOTION TO DISMISS

MENTEL, P.J.

{¶ 1} Relator, Johnny T. Duncan, filed this original action seeking a writ of prohibition enjoining respondent, the Ohio Adult Parole Authority ("OAPA"), from hearing any parole proceedings involving him, with particular reference to the hearing scheduled for October 30, 2025. Mr. Duncan argues that certain alleged deficiencies in the court records from his criminal case, such a judgment unsigned by the trial court judge, divest OAPA of jurisdiction over his parole proceeding. OAPA has filed a motion to dismiss Mr. Duncan's action under Civ.R. 12(B)(6), arguing that he has failed to state a claim in prohibition because OAPA does not patently lack jurisdiction to hear or adjudicate the issue

of Mr. Duncan's parole. Mr. Duncan has also filed a motion for appointment of counsel and a motion to consolidate this matter with several others.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate recommends that we grant the OAPA's motion to dismiss, dismiss Mr. Duncan's complaint, and overrule his other motions as moot. Mr. Duncan has filed the following objections to the magistrate's decision.

{¶ 3} Mr. Duncan first "objects to the Magistrate's characterization of facts," quoting several of the portions of the magistrate's decision that described the allegations in the complaint. (Sept. 13, 2024 Obj. at 1.) However, he has not pointed to any inaccuracy in the magistrate's summarization of the allegations of the complaint. Instead, he reasserts the allegation that his judgment entry of conviction lacks a judge's signature, quoting several authorities holding that such an entry does not constitute a final, appealable order, as required to invoke the jurisdiction of a court of appeals. *Id.* at 3-16.

{¶ 4} The gravamen of Mr. Duncan's objection is that the magistrate has failed to recognize that the patent and unambiguous lack of jurisdiction of the OAPA that he alleges "is wholly predicated" on the allegedly deficient judgment described in the complaint. (Obj. at 18.) But this argument fails to understand that the existence of the unsigned judgment is irrelevant to the question of the OAPA's jurisdiction to hear the matter before it.

{¶ 5} "Proceedings on a petition for a writ of prohibition test the subject-matter jurisdiction of the lower court." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001). As a remedy, "a writ of prohibition prevents an inferior court from exceeding its jurisdiction." *Id.*, citing *State ex rel. Barton v. Butler Cty. Bd. of Elections*, 39 Ohio St.3d 291 (1988). "Subject matter jurisdiction is always fixed by law, and may not be conferred upon the court by agreement of the parties." *Apt v. Apt*, 192 Ohio App.3d 102, 2011-Ohio-380, ¶ 13 (2d Dist.), citing *State ex rel. Lawrence Dev. Co. v. Weir*, 11 Ohio App.3d 96 (10th Dist.1983). Nor does a judgment such as Mr. Duncan describes, signed or unsigned, confer subject matter jurisdiction on the adjudicating forum. "Subject-matter jurisdiction refers to the statutory or constitutional authority to adjudicate a case." *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, ¶ 25, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Such an unsigned judgment may be insufficient to invoke the authority of a court to adjudicate a case, but it

is not the source of that authority. Such authority has only a constitutional or statutory origin. *See id.*

{¶ 6} Here, the magistrate properly notes the statutory basis for the OAPA's authority to hear and adjudicate matters of parole. With that statutory basis for the OAPA's subject matter jurisdiction identified, there is no possibility that in this matter, the OAPA will exercise a power unauthorized by law. Thus, although the OAPA "is about to exercise judicial or quasi-judicial power," Mr. Duncan cannot show that "the exercise of that power is unauthorized by law," and a writ of prohibition will not lie. *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, ¶ 7.

{¶ 7} Finally, as we have previously held, "[p]rohibition tests and determines 'solely and only' the subject matter jurisdiction of the lower court. If the court has such jurisdiction, prohibition is not available to prevent or correct an erroneous decision, nor is it available as a remedy for an abuse of discretion." *State ex rel. Sladoje v. Belskis*, 149 Ohio App.3d 190, 2002-Ohio-4505, ¶ 11 (10th Dist.), citing *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404 (1988). Thus, a writ of prohibition cannot provide a remedy to correct the errors that Mr. Duncan alleges are in the trial court record. The objection is overruled.

{¶ 8} For the foregoing reasons, we overrule Mr. Duncan's objection and adopt the decision and recommendation of the magistrate. The OAPA's motion to dismiss is granted, Mr. Duncan's complaint in prohibition is dismissed, and his pending motions are dismissed as moot.

*Decision adopted*; *motion to dismiss granted*;
*motion for appointment of counsel and motion to consolidate dismissed as moot.*

JAMISON and LELAND, JJ., concur.

———————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Johnny T. Duncan, | : | |
| Relator, | : | |
| v. | : | No. 23AP-771 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 30, 2024

*Johnny T. Duncan*, pro se.

*Dave Yost*, Attorney General, *Salvatore P. Messina*, and *Adam Beckler*, for respondent.

IN PROHIBTION
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 9}** Relator Johnny T. Duncan has filed this original action requesting that a writ of prohibition be issued against respondent Ohio Adult Parole Authority ("OAPA") to prevent OAPA from undertaking any and all future parole screening consideration and to correct prior jurisdictionally unauthorized action and/or inactions until such time that OAPA has investigated and corrected fatal legal errors. Relator also requests an instruction directing OAPA to contact the committing court immediately to enable judicial intervention and correction of the challenged legal errors. OAPA has filed a motion to dismiss based upon Civ.R. 12(B)(6).

Findings of Fact:

{¶ 10} 1. Relator is an inmate incarcerated at the Marion Correctional Institution in Marion, Ohio.

{¶ 11} 2. OAPA is an administrative section of the Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 12} 3. According to relator's petition, in 1991 and 1992, relator was convicted and sentenced in three criminal cases in the Clark County Court of Common Pleas (Clark C.P. Nos. 91-CR-367, 91-CR-436, and 92-CR-218), on charges including two counts of aggravated murder, aggravated robbery, felonious assault, and drug abuse, and he received an aggregate sentence of 37 years to life. Relator alleges that the judgment entries for these cases were not signed by a judge, the court violated the terms and conditions agreed upon in a written plea agreement, and the trial court did not mention or calculate jail-time credit as required. Relator further alleges that if the commitment papers are not certified, valid, and accurate, then there exists no potential or possibility for meaningful parole consideration. Relator also asserts that ODRC Policy 52 RCP 01 provides that the record office shall review the commitment papers, and if inaccuracies exist, the offender shall not be accepted, and the committing court shall be contacted immediately. Relator claims that he cannot receive meaningful parole consideration until OAPA investigates its own legal file, corrects any fatal deficiencies, and contacts the committing court.

{¶ 13} 4. On December 27, 2023, relator filed a petition for writ of prohibition, seeking to prevent OAPA from undertaking any and all future parole screening consideration and to correct prior jurisdictionally unauthorized action and/or inactions until such time that OAPA has investigated and corrected fatal legal errors. Relator also requested an instruction directing OAPA to contact the committing court immediately to enable judicial intervention and correction of the challenged legal errors.

{¶ 14} 5. On December 27, 2023, relator filed a motion to proceed in forma pauperis, which the magistrate provisionally granted on January 10, 2024. In the order, it was noted that the court will revisit and definitively evaluate relator's status when the case is terminated.

{¶ 15} 6. On January 16, 2024, OAPA filed a motion to dismiss based upon Civ.R. 12(B)(6).

{¶ 16} 7. On January 19, 2024, relator filed a motion for appointment of counsel.

{¶ 17} 8. On January 22, 2024, relator filed a motion to consolidate this case with *State ex rel. Ellis v. Ohio Adult Parole Auth.*, 10th Dist. No. 23AP-775, 2024-Ohio-2345, and *State ex rel. Norris v. Ohio Adult Parole Auth.*, 10th Dist. No. 24AP-7, claiming the cases are substantially similar, if not identical, to the questions of fact and law at issue in the present case. In *Ellis*, this court denied relator's writ of prohibition, and the matter is currently pending on appeal before the Supreme Court of Ohio. *Norris* is currently pending before this court on OAPA's motion for summary judgment.

Discussion and Conclusions of Law:

{¶ 18} The magistrate recommends that this court grant the OAPA's motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 19} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5.

{¶ 20} "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 98 (1996). Accord *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had already exercised judicial power by granting a motion, such did not preclude the opposing party from obtaining a writ of prohibition, as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions).

{¶ 21} A court may dismiss a complaint seeking a writ of prohibition pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all

reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177, 1998 Ohio App. LEXIS 6250 *6 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 22} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 23} Initially, the magistrate notes that the present case shares similar questions of law as this court addressed in *Ellis*, and the current decision largely relies upon the magistrate's and trial court's decisions in that case.

{¶ 24} In his petition, relator asserts that he seeks to prevent OAPA from undertaking any and all future parole screening consideration and to correct prior jurisdictionally unauthorized action and/or inactions until such time that OAPA has investigated and corrected fatal legal errors. Relator also requests an instruction directing OAPA to contact the committing court immediately to enable judicial intervention and correction of the challenged legal errors. Like the relator in *Ellis*, relator here claims OAPA was patently and unambiguously divested of jurisdiction to undertake parole proceedings because "[t]here is no judgment upon which OAPA jurisdiction might lie," and states that "OAPA's jurisdiction to act is wholly predicated * * * on its 'lawful privilege to intentionally confine' and where, as here, the Certified 'TRUE COPY TESTE' [sic] Commitment Papers present a clear and obvious case for 'facial invalidity,' set upon inherently credible evidence in the department's legal file[.]" (Emphasis omitted.) In his affidavit of verity, relator avers that: (1) the trial court's sentencing violated the terms and conditions agreed upon in his written plea agreement; (2) the commitment papers upon which OAPA relies are substantially inaccurate; (3) if the commitment papers are not accurate then there exists no possibility for a meaningful parole consideration; (4) the trial court sentenced him with no mention or determination of jail-time credit; (5) OAPA's jurisdiction to act is nonexistent; (6) and OAPA is duty bound to investigate and correct the fatal deficiencies in his legal file and contact the committing court immediately.

{¶ 25} OAPA argues that relator's prohibition action must be dismissed pursuant to Civ.R. 12(B)(6) because OAPA's exercise of judicial or quasi-judicial authority in determining an offender's parole status is clearly authorized by law. In *Ellis*, the magistrate addressed this argument, finding:

> The creation of OAPA is authorized by R.C. 5149.02, which provides that "[t]here is hereby created in the division of parole and community services of the department of rehabilitation and correction at bureau level an adult parole authority." *See Ellis v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-354, 2020-Ohio-6877, ¶ 26, fn. 5. OAPA "consists of its chief, a field services section, and a parole board." R.C. 5149.02. Pursuant to R.C. 2967.02, OAPA "shall administer sections 2967.01 to 2967.28 of the Revised Code, and other sections of the Revised Code governing pardon, community control sanctions, post-release control, and

parole." Thus, OAPA is statutorily created and authorized to administer the parole process.

This court has previously dismissed an inmate's prohibition action in which the inmate sought to compel OAPA to declare the inmate's parole proceedings void. *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-732, 2021-Ohio-922. In *McIntyre*, the inmate, who was convicted of felony offenses and sentenced to an aggregate prison term of 22 to 46 years, asserted his sentencing entries were deemed a nullity and void by a decision of the Supreme Court of Ohio, which held that his sentencing entries failed to comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. The inmate asserted that OAPA's actions based on the sentencing entries were void. This court found that, although the inmate's sentencing entries failed to comport with Crim.R. 32(C) and *Baker*, the sentence imposed by those entries was not void, and, as a result, OAPA's parole determinations premised on the inmate's sentencing entries were lawful. Thus, construing the factual allegations in the inmate's complaint as true, this court found the inmate could not establish OAPA patently and unambiguously lacked jurisdiction over his parole proceedings. *McIntyre* at ¶ 11.

Here, similar to the claims in *McIntyre*, relator asserts that "[t]here is no judgment upon which OAPA jurisdiction might lie." (Compl. at 5.) Relator claims his underlying sentence "was not authorized by law." (Compl. at 10.) However, relator's conviction was affirmed on direct appeal and a court held that relator's sentences "fully conformed" with the law in effect at the time of sentencing. *Ellis*, 2019-Ohio-3164, at ¶ 13. The court additionally stated that "the absence from the judgment of conviction of an order concerning the sequence for serving consecutive sentences has not been held to render those sentences void." *Id*. at ¶ 15. Furthermore, there exists no judgment holding relator's convictions and sentences to be void. Therefore, because relator cannot demonstrate his convictions and sentences were void, OAPA is lawfully empowered to undertake parole proceedings with respect to relator as provided by statute and applicable provisions of the Ohio Administrative Code. Construing the factual allegations contained in the complaint to be true and making all reasonable inferences in relator's favor, relator cannot establish OAPA patently and unambiguously lacks jurisdiction over his parole proceedings. As a result, relator cannot establish entitlement to a writ of prohibition.

*Id.* at ¶ 32-34.

{¶ 26} This court agreed with the magistrate and denied the relator's objections in *Ellis*, finding the following:

> Ellis relies on this court's decision in *Brust v. Ohio Parole Board*, 10th Dist. No. 22AP-581, 2023-Ohio-4104, for his position that OAPA has an obligation to investigate and correct any significant errors in his inmate record.
>
> Ellis misconstrues the holding in *Brust* as it applies to the instant matter. In *Brust*, this court followed *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132 ("*Keith* I"), and reiterated that " '[w]here there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the [OAPA] has an obligation to investigate and correct any significant errors in the record of the prisoner.' " *Brust* at ¶ 42, quoting *Keith I* at ¶ 28. The remedy, we noted in *Brust*, for substantive inaccuracies at a parole hearing, is a writ of mandamus to correct such errors if the inmate shows: "(1) a credible allegation, supported by evidence, of a substantive inaccuracy or error in the materials relied on at a parole hearing, and (2) that the inaccuracy or error may have prevented the inmate from receiving meaningful consideration for parole, i.e., the allegedly erroneous information was material to the inmate's parole request." *Brust* at ¶ 43, citing *State ex rel. Keith v. Dept. of Rehab. & Corr.*, 153 Ohio St.3d 568, 2018-Ohio-3128, ¶ 16, 109 N.E.3d 1171.
>
> Here, however, Ellis is not challenging a decision by the parole board that denied him parole, nor does he seek a writ of mandamus to correct substantive inaccuracies or errors from a parole hearing. Instead, Ellis requests a writ of prohibition enjoining the OAPA from holding a future hearing. As the magistrate correctly notes, OAPA has jurisdiction, through statutory authority, to conduct parole proceedings with respect to Ellis. *See* R.C. 2967.02 (OAPA "shall administer sections 2967.01 to 2967.28 of the Revised Code, and other sections of the Revised Code governing pardon, community control sanctions, post-release control, and parole"). Further, the First District previously determined Ellis' sentence for aggravated murder and aggravated burglary "fully conformed" with the applicable sentencing statutes. *State v. Ellis*, 1st Dist. No. C-180331, 2019-Ohio-3164, ¶ 13. Thus, because Ellis does not demonstrate his convictions and

sentence are void, the OAPA does not lack jurisdiction over his parole proceedings. *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-732, 2021-Ohio-922, ¶ 11 (where the sentencing entries are not void, relator cannot establish the OAPA patently and unambiguously lacks jurisdiction over his parole proceedings).

*Id.* at ¶ 4-6.

{¶ 27} The reasoning in *Ellis* applies with equal force to the present case. OAPA was statutorily created and is authorized to administer the parole process. Furthermore, as in *Ellis*, relator here is not challenging a decision by the parole board that denied him parole, and he does not seek a writ of mandamus to correct substantive inaccuracies or errors from a parole hearing. Instead, relator requests a writ of prohibition enjoining the OAPA from holding a future hearing. However, relator does not demonstrate his convictions and sentences are void; thus, the OAPA does not lack jurisdiction over his parole proceedings. *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 10th Dist. No. 23AP-303, 2024-Ohio-1891,¶ 23 (finding that R.C. 2929.19(B)(2)(g)(iv) provides that an inaccurate determination of an offender's jail-time credit is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable); *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-732, 2021-Ohio-922, ¶ 11 (where the sentencing entries are not void, relator cannot establish the OAPA patently and unambiguously lacks jurisdiction over his parole proceedings); *State v. Bates*, 10th Dist. No. 17AP-689, 2019-Ohio-1172, ¶ 13 (failure of court to sign sentencing entry, although a technical failure to comply with Crim.R. 32(C), is not a violation of a statutorily mandated term, so it does not render the judgment a nullity). Relator has unsuccessfully raised some of the issues alleged in his current petition, with no court finding any order void. In *State v. Duncan*, 2nd Dist. No. 2022-CA-82, 2023-Ohio-1684, the court found that relator could not withdraw his guilty plea in 91-CR-436 based upon a discrepancy between the court's entry and court's oral pronouncement because the sentencing entry was clear that his sentence was 30 years to life imprisonment, the sentencing entry was valid itself, and his claim was barred by res judicata. In *State ex rel. Duncan v. Chambers-Smith*, 10th Dist. No. 23AP-66, 2024-Ohio-926, this court held that relator's petition for writ of mandamus must be dismissed

because he had a plain and adequate remedy in the ordinary course of law to challenge an inaccuracy with respect to the jail-time credit calculated in the three Clark County cases. Therefore, in the present case, because there exists no judgment holding relator's convictions and sentences to be void, OAPA is lawfully empowered to undertake parole proceedings with respect to relator as provided by statute and applicable provisions of the Ohio Administrative Code.

{¶ 28} In addition, as OAPA points out, relator cannot show any factual connection to the sentences ordered in his commitment papers and any meaningful consideration for parole. OAPA points out that nothing in relator's sentence calculations of 30 years to life imprisonment in 91-CR-436, and the consecutive term of 7 years in 91-CR-367, reflects a substantial inaccuracy would affect his meaningful consideration for parole, but, instead, merely calculates when he becomes eligible for parole, which is not contested in this matter. Likewise, relator's complaint that his sentencing entry lacks a signature does not go to either OAPA's jurisdiction or his ability to obtain meaningful parole consideration.

{¶ 29} As for relator's request that this court instruct OAPA to contact the committing court immediately, as previously discussed, OAPA is authorized by law to exercise authority over relator's parole proceedings. Because OAPA does not patently or unambiguously lack the requisite authority, prohibition will not lie. *See Ellis* at ¶ 35. Furthermore, as the magistrate held in *Ellis*, this requested relief is inappropriate for a writ of prohibition. *Id.* at ¶ 36. A writ of prohibition is appropriate only to challenge the jurisdiction or authority of a tribunal exercising judicial or quasi-judicial power. *Id.,* citing *Suster* at 84 Ohio St.3d 84, quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21 (1965) (stating that a writ of prohibition tests and determines solely and only the subject-matter jurisdiction of the lower court); *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, ¶ 26. Therefore, the relief sought by relator is outside the correction to an unauthorized exercise of authority afforded by a writ of prohibition. *Id.* Because OAPA possesses the requisite authority over relator's parole proceedings, and because the requested relief is not appropriate for a prohibition action, relator cannot demonstrate entitlement to a writ of prohibition on this basis.

{¶ 30} Construing the factual allegations contained in the complaint to be true and making all reasonable inferences in relator's favor, relator cannot establish OAPA patently and unambiguously lacks jurisdiction over his parole proceedings, and OAPA was under no duty to contact the committing court immediately to enable judicial intervention and correction of the challenged legal errors. Therefore, dismissal of relator's petition for writ of prohibition is warranted.

{¶ 31} Accordingly, it is the decision and recommendation of the magistrate that OAPA's motion to dismiss should be granted and relator's petition for writ of prohibition dismissed. Relator's January 19, 2024, motion for appointment of counsel and January 22, 2024, motion to consolidate are denied.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.