**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *McIntyre v. May*, **Slip Opinion No. 2026-Ohio-1231.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2026-OHIO-1231**

**MCINTYRE, APPELLANT, *v.* MAY, WARDEN, APPELLEE.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McIntyre v. May*, Slip Opinion No. 2026-Ohio-1231.]**

*Habeas corpus—By listing in his affidavit of prior civil actions case filed more than five years earlier, inmate invited court of appeals' error, if any, in considering whether affidavit failed to comply with R.C. 2969.25(A)(1) and (2)—Court of appeals' dismissal of petition for noncompliance with affidavit requirement of R.C. 2969.25(A) affirmed.*

(No. 2025-0974—Submitted December 9, 2025—Decided April 8, 2026.)

APPEAL from the Court of Appeals for Richland County, No. 2025 CA 0040.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Lewis Leroy McIntyre Jr., appeals the Fifth District Court of Appeals' dismissal of his petition for a writ of habeas corpus, in which he sought release from the custody of appellee, Harold May, the warden of Mansfield Correctional Institution. The Fifth District dismissed McIntyre's petition sua sponte for noncompliance with the affidavit requirement of R.C. 2969.25(A). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In June 2025, McIntyre filed a petition for a writ of habeas corpus in the Fifth District, seeking immediate release from prison on the basis that the trial court in which he was convicted lacked subject-matter jurisdiction to impose the sentence he received. McIntyre attached to his petition an affidavit listing each civil action he had filed in the previous five years, as required by R.C. 2969.25(A). McIntyre described the first case listed in his affidavit as follows: "State ex rel. McIntyre v. Ohio Adult Parole Authority, 2021-Ohio-922, action dismissed by trial court [and] no appeal taken."

{¶ 3} The Fifth District sua sponte dismissed McIntyre's petition. The court determined that McIntyre's affidavit did not comply with R.C. 2969.25(A), because his disclosure of the first case he listed did not contain either a brief description of the nature of the case or the court in which the case was brought. *See* R.C. 2969.25(A)(1) and (2). Accordingly, the Fifth District held that McIntyre's petition was fatally flawed for failure to comply strictly with R.C. 2969.25(A).

{¶ 4} McIntyre appealed to this court as of right.

## ANALYSIS

{¶ 5} R.C. 2969.25(A) applies to civil actions filed by inmates against a government entity or employee and requires the inmate to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

Compliance with the statute is mandatory, and strict compliance is required. *State ex rel. Swanson v. Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. An inmate's failure to comply with R.C. 2969.25(A) warrants dismissal of a habeas petition. *Robinson v. Fender*, 2020-Ohio-458, ¶ 6. We review de novo a court of appeals' judgment dismissing an extraordinary-writ action for noncompliance with R.C. 2969.25(A). *State ex rel. Harris v. Trelka*, 2025-Ohio-4453, ¶ 4.

{¶ 6} An affidavit of prior civil actions that omits the details required by R.C. 2969.25(A) is fatally deficient. *See, e.g.*, *State ex rel. Pointer v. Adult Parole Auth.*, 2022-Ohio-3261, ¶ 8 (court of appeals did not err in dismissing an action when inmate who brought it had "failed to identify the parties to the [prior] civil actions he disclosed, the courts in which those cases were filed, and the outcome of each case"). In this case, we agree with the Fifth District that for the first case McIntyre listed in his affidavit, he did not include a brief description of the nature of the case or the court in which the case was brought, as required by R.C. 2969.25(A)(1) and (A)(2), respectively.

{¶ 7} McIntyre does not dispute that his affidavit failed to contain the information for *State ex rel. McIntyre v. Adult Parole Auth.*, 2021-Ohio-922 (10th Dist.), that was required by R.C. 2969.25(A)(1) and (A)(2). However, he contends that his omission of the information was inconsequential because he was not required to disclose that case in the first place. McIntyre emphasizes that although the Tenth District Court of Appeals decided the case in 2021, he *filed* the case in 2019—more than five years before he commenced this action in the Fifth District. *See* R.C. 2969.25(A) (requiring that an inmate's affidavit list "each civil action or appeal of a civil action that the inmate *has filed* in the previous five years in any state or federal court" [emphasis added]). Thus, McIntyre argues that his affidavit complied with the statute.

{¶ 8} We reject McIntyre's argument. Even if McIntyre was not required to include *State ex rel. McIntyre v. Ohio Adult Parole Auth.* in his affidavit of prior civil

actions, he did so.  By listing the case in his affidavit, McIntyre invited the Fifth District's error, if any, in considering whether the affidavit failed to comply with R.C. 2969.25(A)(1) and (2) by omitting the required information.  "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the [lower] court to make." *State ex rel. Bitter v. Missig*, 1995-Ohio-147, ¶ 19.  We therefore find no reversible error in the Fifth District's determination that McIntyre's affidavit of prior civil actions was defective.

## CONCLUSION

{¶ 9} The invited-error doctrine precludes McIntyre from establishing a reversible error on appeal in this case.  We therefore affirm the judgment of the Fifth District Court of Appeals dismissing his petition.

Judgment affirmed.

_____

Lewis Leroy McIntyre Jr., pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____