[Cite as *Pamboukis v. Summit Cty. Domestic Relations Court*, 2023-Ohio-4507.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

KONSTANTINOS PAMBOUKIS

    Relator

    v.

C.A. No.    30865

SUMMIT COUNTY DOMESTIC
RELATIONS COURT, ET AL.

ORIGINAL ACTION IN PROHIBITION

    Respondents

Dated:  December 13, 2023

PER CURIAM.

{¶1}    Relator, Konstantinos Pamboukis, has filed a complaint seeking a writ of prohibition to order Respondents, Summit County Domestic Relations Court and Visiting Judge Joseph Guilito, to grant his request for public records – copies of recordings of hearings in his case – pursuant to R.C. 149.43.  Respondents have moved to dismiss, pursuant to Civ.R. 12(B)(6), and Mr. Pamboukis has replied.  For the following reasons, we grant the motion to dismiss.

{¶2}    When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).  A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.  With this standard in mind, we turn to the facts of the complaint.

{¶3}    The complaint alleges that Mr. Pamboukis sought recordings of hearings from various proceedings in his divorce case held in the Summit County Domestic Relations Court.  The complaint alleges he sought the recordings from a staff member, Tom, who never provided them. When he was not able to obtain the recordings, he filed this action seeking a writ of prohibition. The complaint named the Summit County Domestic Relations Court as the only respondent.  He later filed an amendment to his complaint to name Visiting Judge Joseph Guilito as an additional respondent.

{¶4}    Respondents moved to dismiss.  As it relates to the Summit County Domestic Relations Court, respondents argued the court is not sui juris and, therefore, the complaint as it relates to the court must be dismissed.  As for Judge Guilito, Respondents moved to dismiss because Mr. Pamboukis alleged he was entitled to relief under the Public Records Act, not the Ohio Rules of Superintendence, prohibition is not the appropriate remedy for denial of public records, and he did not meet the requirements for a writ of prohibition.

*Summit County Domestic Relations Court is not sui juris*

{¶5}    The complaint sought a writ of prohibition against the Summit County Domestic Relations Court.  Courts, however, are not sui juris. *Page v. Geauga Cnty. Prob. & Juvenile Court*, Slip Opinion No. 2023-Ohio-2491, ¶ 3.  Because the court cannot be sued in its own right, the motion to dismiss is granted as it relates to the Summit County Domestic Relations Court.

*The complaint must be dismissed as to Judge Guilito*

{¶6}    For this Court to issue a writ of prohibition, relator must establish that:  (1) the judge is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997).  "[T]he purpose of a writ

of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶7} Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), the complaint does not state a claim for prohibition upon which relief can be granted. The complaint alleges that respondent has exercised judicial power to deny him access to the recordings he wants. It further alleges that respondent is about to exercise its power to continue to deny him access to the recordings. Finally, it alleges that Mr. Pamboukis is entitled to the public records pursuant to R.C. 149.43(a).

{¶8} "The threshold issue in public-records cases is whether the Public Records Act or the Rules of Superintendence govern the request." *State ex rel. Ware v. Kurt*, 169 Ohio St.3d 223, 2022-Ohio-1627, ¶ 10. The Supreme Court has noted the importance of this distinction:

> Mandamus is the appropriate remedy to compel compliance with the Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. Mandamus is also the correct method by which to compel responses under the Rules of Superintendence. Sup.R. 47(B). Accordingly, the vehicle through which a requesting party seeks to obtain public records in mandamus is significant. If the requester seeks public records through the incorrect vehicle, then he or she is not entitled to receive the records through a mandamus action. *Parisi*, 159 Ohio St.3d 211, 2019-Ohio-5157, 150 N.E.3d 43, at ¶ 21.

*Id.*at ¶ 12.

{¶9} The Supreme Court has explained that "[t]o determine the appropriate vehicle, we consider the nature of the records requested. Generally, if the records requested are held by or were created for the judicial branch, then the party seeking to obtain the records must submit a request pursuant to Sup.R. 44 through 47." *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Committee*, 159 Ohio St.3d 211, 2019-Ohio-5157, ¶ 21. Here, Mr. Pamboukis sought

access to court records: recordings of hearings in his Domestic Relations Court case. That request should have been made pursuant to the procedures set forth in the Ohio Rules of Superintendence but, instead, the complaint relies on R.C. 149.43 as the basis for the claim. Because he used the wrong vehicle to obtain court records, this action must be dismissed. Further, prohibition is not the correct remedy to challenge the denial of access to public records. Because the complaint sought a writ of prohibition, rather than a writ of mandamus, it must be dismissed.

{¶10} Finally, there is no allegation in the complaint that Judge Guilito exceeded his jurisdiction, as would be required for this Court to issue a writ of prohibition. The complaint's allegation that respondent exercised judicial power to deny him access to records and will continue to do so in the future does not meet the requirements for this Court to grant a writ of prohibition. There has been no allegation that Judge Guilito lacked or exceeded jurisdiction to act in Mr. Pamboukis's case. Accordingly, the complaint must be dismissed.

*Conclusion*

{¶11} Considering the allegations in the complaint as true, we conclude that Mr. Pamboukis's complaint does not state a claim for a writ of prohibition upon which relief can be granted.

{¶12} Because Mr. Pamboukis cannot prevail on the facts he alleged, the petition is dismissed. Costs of this action are taxed to Mr. Pamboukis. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER A. HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

KONSTANTINOS PAMBOUKIS, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondents.