[Cite as *State ex rel. Lattimore v. Franklin Cty. Mun. Court*, 2024-Ohio-5928.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kenesha Lattimore, | : | |
| Petitioner, | : | No. 24AP-123 |
| v. | : | (REGULAR CALENDAR) |
| Franklin County Municipal Court et al., | : | |
| Respondents. | : | |

---

D E C I S I O N

Rendered on December 19, 2024

---

**On brief:** *Kenesha Lattimore*, pro se.

**On brief:** *Zach Klein*, Prosecuting Attorney, and *Aaron D. Epstein*, for respondents.

---

IN PROHIBITION

JAMISON, J.

{¶ 1} On February 14, 2024, petitioner, Kenesha Lattimore, initiated this original action requesting a writ of prohibition ordering respondents, Judge Andrea Peeples and Franklin County Municipal Court, to cease abusing and usurping judicial functions and exceeding its jurisdiction by making a child-custody decision in an order requiring her to stay away from her son as a condition of bond. On March 27, 2024, respondents filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), and on March 29, 2024, petitioner filed an objection to the respondents' motion to dismiss.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny

the writ of prohibition and dismiss the action.  Neither party has timely filed objections to the magistrate's decision.

{¶ 3}  No error of law or other defect is evident on the face of the magistrate's decision.  Therefore, we adopt the findings of fact and conclusions of law contained therein.  Accordingly, respondents' motion to dismiss is granted, and the petition for a writ of prohibition is dismissed.

*Motion to dismiss granted*;
*case dismissed.*

BOGGS and LELAND, JJ., concur.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kenesha Lattimore, | : | |
| Petitioner, | : | |
| v. | : | No. 24AP-123 |
| Franklin County Municipal Court et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on August 27, 2024

*Kenesha Lattimore*, pro se.

*Zach Klein*, Prosecuting Attorney, and *Aaron D. Epstein*, for respondents.

### IN PROHIBITION
### ON RESPONDENTS' MOTION TO DISMISS

{¶ 4}   Petitioner, Kenesha Lattimore, has commenced this original action seeking a writ of prohibition ordering respondents, Judge Andrea Peeples and Franklin County Municipal Court, to cease abusing and usurping judicial functions and exceeding its jurisdiction by making a child-custody decision in an order requiring her to stay away from her son as a condition of bond. Respondents have filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

Findings of Fact:

{¶ 5}    1. Petitioner is the mother of a minor child, "E.W." E.W. has been the ongoing subject of abuse, neglect, and dependency proceedings in the Franklin County Common Pleas Court, Division of Domestic Relations and Juvenile Branch, and is in foster care.

{¶ 6}    2. Respondent Judge Peeples is a judge in respondent Franklin County Municipal Court. Judge Peeples originally presided over Franklin County Municipal Court No. 2023 CRB 020450 ("the municipal court case"), in which petitioner was the defendant. Judge Peeples has recused since the filing of the present action, and Judge Cynthia Ebner now presides over the case.

{¶ 7}    3. Respondent Franklin County Municipal Court is a court that has jurisdiction over traffic cases, misdemeanor criminal cases, and civil cases involving less than $15,000.

{¶ 8}    4. In her petition, petitioner alleges that on November 26, 2021, E.W., who was nine months old, was taken from her and placed in the custody of Franklin County Children Services. Petitioner alleges that E.W. showed signs of abuse while in foster care, and over the next two years, petitioner sought investigations into the abuse of E.W. Although the complaint is not clear as to the details, in December 2023, petitioner was arrested "for taking [E.W.] to safety." (Petition at 5.)

{¶ 9}    5. According to the docket in the municipal court case, petitioner was charged with interference with custody of a person under 18 years old or a mentally handicapped person under 21 years old.

{¶ 10}    6. In the municipal court case, on December 19, 2023, Judge Peeples ordered petitioner to stay away from E.W. as a condition of bond.

{¶ 11}    7. On February 14, 2024, petitioner filed a petition for writ of prohibition, alleging respondents abused and usurped judicial functions and exceeded their jurisdiction when they made a child-custody decision in an order requiring petitioner to stay away from E.W. as a condition of bond.

{¶ 12}    8. On March 27, 2024, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), asserting that petitioner's petition fails to state a prohibition claim against Judge Peeples, and petitioner cannot maintain a prohibition complaint against a municipal court.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court grant respondents' motion to dismiss this action.

{¶ 14} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5.

{¶ 15} "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions.*" *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 98 (1996). Accord *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had already exercised judicial power by granting a motion, such did not preclude the opposing party from obtaining a writ of prohibition, as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions).

{¶ 16} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio- 5567, ¶ 14.

{¶ 17} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112

Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 19} Initially, the magistrate notes that Judge Ebner is substituted as respondent in this action pursuant to Civ.R. 25(D)(1), and respondents' motion to dismiss filed under Judge Peeples' name is deemed filed on behalf of Judge Ebner in her capacity as successor judge in the case. *Everhart* at ¶ 6; *State ex rel. Neguse v. McIntosh*, 115 Ohio St.3d 216, 2007-Ohio-4788, ¶ 4.

{¶ 20} In the present case, Judge Ebner first asserts that a municipal court has jurisdiction over misdemeanor cases and, as part of that jurisdiction, has a full range of options for pretrial-release conditions to ensure a defendant's appearance, as well as to protect the public, citing *State ex rel. Kuhlman v. Finkbeiner*, 179 Ohio App.3d 270, 2008-Ohio-5914, ¶ 40 (6th Dist.). Judge Ebner points out that petitioner's petition neither challenges the trial court's general subject-matter jurisdiction over the criminal case against petitioner nor alleges that the trial court lacked general subject-matter jurisdiction to impose conditions for pretrial release. Instead, petitioner's petition alleges that, in

ordering petitioner to have no contact with E.W., the trial court made a custody determination that exceeded its jurisdiction, which Judge Ebner argues is incorrect.

{¶ 21} The magistrate agrees with Judge Ebner that the court's order that petitioner stay away from E.W. was not a custody determination that exceeded the municipal court's jurisdiction. As indicated above, a municipal court may order pretrial-release conditions to protect the public. Here, the trial court's stay-away order was a condition of bond, which is indisputably within the authority of a trial court to issue. Furthermore, the magistrate can find no legal authority to support petitioner's claim that a municipal court's ordering a mother, as a condition of bond, to stay away from her child who is the subject of abuse, neglect, and dependency proceedings in the juvenile court and who is residing in foster care is a child-custody determination that exceeds the jurisdiction of the municipal court. The condition of bond here was directly related to the underlying misdemeanor charge of interference with custody. Because petitioner cannot prove any set of facts demonstrating that Judge Ebner has exercised or is about to exercise judicial power that is unauthorized by law, the petition does not state a claim for prohibition upon which relief can be granted, and petitioner's claim fails as a matter of law.

{¶ 22} Furthermore, the petition sought a writ of prohibition against the Franklin County Municipal Court. However, it has been consistently held that courts are not sui juris. *See Klein's Pharmacy & Orthopedic Appliances, Inc. v. Summit Cty. Court of Common Pleas*, 173 Ohio St.3d 1450, 2024-Ohio-1307 (request for writ of prohibition dismissed against the court of common pleas since it is not sui juris); *Pamboukis v. Summit Cty. Domestic Relations Court*, 9th Dist. No. 30865, 2023-Ohio-4507, ¶ 5, citing *Page v. Geauga Cty. Probate and Juvenile Court*, 172 Ohio St.3d 400, 2023-Ohio-2491, ¶ 3 (dismissing prohibition action against a domestic relations court because it is not sui juris). Therefore, because a court cannot be sued in its own right, respondents' motion to dismiss is also granted as it relates to the Franklin County Municipal Court.

{¶ 23} Accordingly, it is the magistrate's decision that this court should grant respondents' motion to dismiss petitioner's petition for writ of prohibition.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.