[Cite as *State ex rel. Lattimore v. Franklin Cty. Court of Common Pleas, Div. of Domestic Relations & Juvenile Div.*, 2024-Ohio-5929.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Kenesha Lattimore,  :

        Petitioner,  :

v.  :  No. 24AP-148

Court of Common Pleas of Franklin County  :  (REGULAR CALENDAR)
Ohio Division of Domestic Relations and
Juvenile Division et al.,  :

        Respondents.  :

---

D E C I S I O N

Rendered on December 19, 2024

---

**On brief:** *Kenesha Lattimore*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Nickole K. Iula*, for respondents.

---

IN PROHIBITION
ON MOTIONS

JAMISON, J.

{¶ 1} On February 27, 2024, petitioner, Kenesha Lattimore, initiated this original action requesting a writ of prohibition ordering respondents, Judge James Brown and Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Division, to cease judicial functions and alleging that respondents exceeded their jurisdiction by making a child-custody decision as she was not a resident of Ohio upon the initiation of proceedings.

{¶ 2} On March 5, 2024, petitioner filed a motion for preliminary injunction. On March 19, 2024, respondents filed a memorandum in opposition to the motion for preliminary injunction and a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 3}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court.  On September 30, 2024, the magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny the writ of prohibition and dismiss the action.  Neither party has timely filed objections to the magistrate's decision.

{¶ 4}  There is no error of law or other defect evident on the face of the magistrate's decision.  Therefore, we adopt the findings of fact and conclusions of law contained therein.  Accordingly, respondents' motion to dismiss is granted, and petitioner's petition for a writ of prohibition is dismissed.  Petitioner's motion for preliminary injunction is denied as moot.

*Motion for preliminary injunction denied as moot*;
*motion to dismiss granted*;
*case dismissed.*

MENTEL, P.J., and LELAND, J., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kenesha Lattimore, | : | |
| Petitioner, | : | |
| v. | : | No. 24AP-148 |
| Court of Common Pleas of Franklin County Ohio Division of Domestic Relations and Juvenile Division et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 30, 2024

---

*Kenesha Lattimore*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Nickole K. Iula*, for respondents.

---

IN PROHIBITION
ON MOTIONS

{¶ 5}   Petitioner, Kenesha Lattimore, has commenced this original action seeking a writ of prohibition ordering respondents, Judge James Brown and Court of Common Pleas of Franklin County, Division of Domestic Relations and Juvenile Branch, to cease the unlawful usurpation of power of government, to release her son to her custody, to vacate all unlawful orders from respondents, and to bar further unlawful action, including a stay of

proceedings on the upcoming hearing for permanent custody. Respondents have filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 6}    1. Petitioner is the biological mother of a minor child, "E.L." E.L. has been the subject of numerous dependency and temporary custody proceedings in the respondent Court of Common Pleas of Franklin County, Division of Domestic Relations and Juvenile Branch ("juvenile court"). E.L. has been in the custody of Franklin County Children Services ("FCCS") since November 2021, when the first dependency complaint was filed in Franklin J.C. case No. 21JU-11624.

{¶ 7}    2. Franklin J.C. case No. 23JU-04-3867 (sometimes "juvenile court case") is a dependency action and the subject of the current petition. E.L. was in a foster home at the time of the filing of case No. 23JU-04-3867.

{¶ 8}    3. The complaints filed in the various dependency and temporary custody proceedings, including case No. 23JU-04-3867, indicate petitioner's address is in Columbus, Ohio. Petitioner filed a change of address in case No. 23JU-04-3867 to reflect another Columbus, Ohio, address.

{¶ 9}    4. Respondent Judge Brown is a judge in the juvenile court and presided over case No. 23JU-04-3867. On October 11, 2023, FCCS filed a motion requesting permanent custody. The case is ongoing.

{¶ 10} 5. On February 27, 2024, petitioner filed a petition for writ of prohibition in this court.

{¶ 11} 6. In the petition, petitioner alleges, in pertinent part, the following: E.L. was taken from her by police; E.L. was given to FCCS for safekeeping; FCCS opened up a frivolous and malicious case while E.L. was in its custody; FCCS withheld E.L. from petitioner; the child has no history of abuse by petitioner; the cause is frivolous and malicious and has no witnesses and no evidence; the juvenile court lacked jurisdiction to make a child-custody determination pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"); petitioner was not a resident of Ohio upon initiation of the proceedings; the juvenile court refused to accept evidence of abuse in foster care and seeks to move forward with unlawful proceedings to take permanent custody of E.L.

without good cause and with evidence that E.L. has been abused in foster care; and the juvenile court is violating hers and E.L.'s constitutional rights and patently and ambiguously lacks authority to act in such a manner.

{¶ 12} 7. On March 5, 2024, petitioner filed a motion for preliminary injunction.

{¶ 13} 8. On March 19, 2024, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6), requesting that this court issue a writ of prohibition preventing the juvenile court's unlawful usurpation of power of government, and ordering respondents to release E.L. to her custody, vacate all unlawful orders from respondents, and bar further unlawful action, including a stay of proceedings on the upcoming hearing for permanent custody. Petitioner has not filed a response.

Conclusions of Law:

{¶ 14} The magistrate recommends that this court grant respondents' motion to dismiss this action.

{¶ 15} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5.

{¶ 16} "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions*." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 98 (1996). Accord *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had already exercised judicial power by granting a motion, such did not preclude the opposing party from obtaining a writ of prohibition, as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions).

{¶ 17} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are

made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 19} In the present case, respondents first assert that the juvenile court is not a proper party and should be dismissed from the action. The magistrate agrees. It has been consistently held that courts are not sui juris. *See Klein's Pharmacy & Orthopedic Appliances, Inc. v. Summit Cty. Court of Common Pleas*, 173 Ohio St.3d 1450, 2024-Ohio-1307 (request for writ of prohibition dismissed against the court of common pleas since it is not sui juris); *Pamboukis v. Summit Cty. Domestic Relations Court*, 9th Dist. No. 30865, 2023-Ohio-4507, ¶ 5, citing *Page v. Geauga Cty. Probate and Juvenile Court*, 172 Ohio St.3d 400, 2023-Ohio-2491, ¶ 3 (dismissing prohibition action against a domestic relations court because it is not sui juris). Therefore, because a court cannot be sued in its own right, respondents' motion to dismiss is granted as it relates to the juvenile court.

{¶ 20} With regard to petitioner's allegation that the juvenile court lacked jurisdiction because she was not a resident of Ohio when the proceedings were initiated, citing the UCCJEA, respondents argue that the UCCJEA is inapplicable, and the court had jurisdiction pursuant to R.C. 2151.27(A)(1) and Juv.R. 10(A). The magistrate finds the juvenile court had jurisdiction. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. R.C. 2151.27(A)(1) provides, in pertinent part, that "any person having knowledge of a child who appears to * * * be [a] * * * dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the * * * dependency allegedly occurred." Juv.R. 10(A) provides, in pertinent part, that "[a]ny person having knowledge of a child who appears to be * * * dependent * * * may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement, or in which the * * * dependency * * * occurred." Here, the dependency complaint in the original dependency case, case No. 21JU-11624, indicated that E.L. had been living with petitioner at a Columbus, Ohio, Franklin County, address. The dependency complaints in the other juvenile court cases also list mother at the Columbus, Ohio, address.

{¶ 21} With regard to the UCCJEA, although the juvenile court may have exclusive original jurisdiction over to determine the custody of a child, R.C. 2151.23(F)(1) provides that a juvenile court must exercise that jurisdiction in accordance with R.C. 3127, the UCCJEA. R.C. 3127.15(A) sets forth "the exclusive jurisdictional basis for making a child custody determination by a court of this state." R.C. 3127.15(B). A child custody proceeding means, among other things, a proceeding in which legal custody or physical custody with respect to a child is an issue and may include a proceeding for neglect, abuse, or dependency. R.C. 3217.01(A)(3).

{¶ 22} Here, the juvenile court had jurisdiction over the matter because it was the "home state of the child on the date of the commencement of the proceeding." R.C. 3127.15(A)(1). The UCCJEA defines the "home state" of the child, in relevant part, as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from

birth with any of them." R.C. 3127.01(B)(7). Throughout the various underlying dependency and temporary custody cases regarding petitioner and E.L., petitioner's address has been indicated as being in Ohio, and E.L. lived with petitioner prior to the commencement of the original filing. Also, E.L.'s foster family lives in Ohio. Therefore, petitioner cannot demonstrate that the juvenile court's exercise of power is unauthorized by law.

{¶ 23} Finally, insofar as petitioner also raises in her petition a multitude of allegations disputing facts and raising legal arguments pertaining to the merits of the underlying custody proceedings, such allegations are not the proper subject of a prohibition action.

{¶ 24} Accordingly, it is the magistrate's decision that this court should grant respondents' motion to dismiss petitioner's petition for writ of prohibition. Petitioner's March 5, 2024, motion for preliminary injunction is denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.