[Cite as *State ex rel. Lattimore v. Franklin Cty. Mun. Court*, 2025-Ohio-5156.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kenesha Lattimore, | : | |
| Petitioner, | : | No. 25AP-363 |
| v. | : | (REGULAR CALENDAR) |
| Franklin County Municipal Court, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on November 13, 2025

**On brief:** *Kenesha Lattimore*, pro se.

**On brief:** *Zachary M. Klein*, City Attorney, and *Aaron D. Epstein*, for respondent.

IN PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

JAMISON, P.J.

{¶ 1} Petitioner, Kenesha Lattimore, brings this original action seeking a writ of prohibition ordering respondent, Franklin County Municipal Court, to cease and desist exercising jurisdiction over the matter and prohibit respondent from enforcing conditions that are identical or substantially similar to those dismissed by the Franklin County Juvenile Court. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). Neither party has timely filed objections to the magistrate's decision.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On August 13, 2025, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant the respondent's motion to dismiss Lattimore's original

action seeking a writ of prohibition. The magistrate concluded that Lattimore sought a writ of prohibition against the Franklin County Municipal Court in contravention to the consistent holding that courts are not sui juris and may not be sued in their own right. *See 04/10/2024 Case Announcements*, 2024-Ohio-1307 (*Klein's Pharmacy & Orthopedic Appliances, Inc. v. Summit Cty. Court of Common Please*, 2024 Ohio LEXIS 761 (Apr. 10, 2024)) (request for writ of prohibition dismissed against the court of common pleas since it is not sui juris); *Pamboukis v. Summit Cty. Domestic Relations Court*, 2023-Ohio-4507, ¶ 5 (9th Dist.), citing *Page v. Geauga Cty. Probate & Juvenile Court*, 2023-Ohio-2491, ¶ 3 (dismissing prohibition action against a domestic relations court because it is not sui juris).

{¶ 3} This court has previously decided the same facts and determined that petitioner cannot prevail when suing the Franklin County Municipal Court. "[B]ecause a court cannot be sued in its own right, respondents' motion to dismiss is also granted as it relates to the Franklin County Municipal Court." *State ex rel. Lattimore v. Franklin Cty. Mun. Court*, 2024-Ohio-5928, ¶ 22 (10th Dist.).

{¶ 4} No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, respondent's motion to dismiss is granted, and the petition for a writ of prohibition is dismissed.

*Motion to dismiss granted;*
*case dismissed.*

BOGGS and DINGUS, JJ., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kenesha Lattimore, | : | |
| Petitioner, | : | |
| v. | : | No. 25AP-363 |
| Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 13, 2025

---

*Kenesha Lattimore*, pro se.

*Zach Klein*, City Prosecuting Attorney, and *Aaron D. Epstein*, for respondent.

---

### IN PROHIBITION
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}  Petitioner, Kenesha Lattimore, has commenced this original action seeking a writ of prohibition ordering respondent, Franklin County Municipal Court, to cease and desist exercising jurisdiction over the matter and prohibit respondent from enforcing conditions that are identical or substantially similar to those dismissed by the juvenile court. Respondent have filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).

Findings of Fact:

{¶ 6}   1. Petitioner is the mother of a minor child, "E.W." E.W. has been the ongoing subject of abuse, neglect, and dependency proceedings in the Franklin County Common Pleas Court, Division of Domestic Relations and Juvenile Branch ("juvenile court").

{¶ 7}   2. Respondent Franklin County Municipal Court is a court that has jurisdiction over traffic cases, misdemeanor criminal cases, and civil cases involving less than $15,000.

{¶ 8}   3. Petitioner is a defendant in respondent's court in Franklin County Municipal Court No. 2023 CRB 020450 ("the municipal court case").

{¶ 9}   4. In her petition, petitioner alleges that on November 26, 2021, E.W., who was nine months old, was taken from her and placed in the custody of Franklin County Children Services ("FCCS").

{¶ 10}  5. Petitioner alleges that E.W. showed signs of abuse while in foster care, and on November 27, 2023, a magistrate in the juvenile court dismissed an emergency custody order-mental health, and ordered the guardian ad litem and FCCS to investigate allegations of abuse.

{¶ 11}  6. Although the complaint is not clear as to the details, in December 2023, petitioner was arrested for taking her son from FCCS custody.

{¶ 12}  7. According to the docket in the municipal court case, as well as the exhibit attached to petitioner's petition, petitioner was charged with interference with custody of a person under 18 years old or a mentally handicapped person under 21 years old.

{¶ 13}  8. In the municipal court case, on December 19, 2023, Judge Andrea Peeples ordered petitioner to stay away from E.W. as a condition of bond.

{¶ 14}  9. Petitioner filed two prohibition actions in this court related to the proceedings, and this court dismissed both in *State ex rel. Lattimore v. Ct. of Common Pleas*, 2024-Ohio-5929 (10th Dist.), and *State ex rel. Lattimore v. Franklin Cty. Mun. Ct.*, 2024-Ohio-5928 (10th Dist.).

{¶ 15}  10. On April 24, 2025, petitioner filed a third petition for writ of prohibition, seeking to prohibit respondent from enforcing conditions that are identical or substantially similar to those dismissed by the juvenile court. Petitioner seems to allege that Judge

Peeples's December 19, 2023, stay-away order conflicted with the juvenile court magistrate's November 27, 2023, dismissal of the emergency custody order-mental health.

{¶ 16} 11. On May 30, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), asserting that petitioner cannot maintain a prohibition complaint against a municipal court; the petition is moot because the criminal case was dismissed on May 13, 2025; and respondent's stay-away order did not exceed the jurisdiction of the municipal court.

Conclusions of Law:

{¶ 17} The magistrate recommends that this court grant respondent's motion to dismiss this action.

{¶ 18} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5.

{¶ 19} "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions.*" *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 98 (1996). Accord *State ex rel. Sartini v. Yost*, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had already exercised judicial power by granting a motion, such did not preclude the opposing party from obtaining a writ of prohibition, as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions).

{¶ 20} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 2020-Ohio-551, ¶ 9 (10th Dist.). "[S]ubject-matter jurisdiction involves 'a court's power to

hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.), quoting *Vedder v. Warrensville Hts.*, 2002-Ohio- 5567, ¶ 14 (8th Dist.)

{¶ 21} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 22} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 23} In the present case, respondent's first argument is dispositive. Petitioner's petition sought a writ of prohibition against the Franklin County Municipal Court. However, it has been consistently held that courts are not sui juris and may not be sued in their own right. *See Reynolds v. Kamm,* 2025-Ohio-1102 (6th Dist.) (finding that municipal court is not sui juris); *Klein's Pharmacy & Orthopedic Appliances, Inc. v. Summit Cty. Court of Common Pleas*, 2024-Ohio-1307 (request for writ of prohibition dismissed against the court of common pleas because it is not sui juris); *Pamboukis v. Summit Cty. Domestic*

*Relations Court*, 2023-Ohio-4507, ¶ 5 (9th Dist.), citing *Page v. Geauga Cty. Probate and Juvenile Court*, 2023-Ohio-2491, ¶ 3 (dismissing prohibition action against a domestic relations court because it is not sui juris). Therefore, because a court cannot be sued in its own right, respondent's motion to dismiss must be granted. Given this disposition, respondent's other grounds for dismissal are moot.

{¶ 24} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss petitioner's petition for writ of prohibition.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.