[Cite as *Fritsche v. Summit Cty. Court of Common Pleas*, 2026-Ohio-429.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

THOMAS J. FRITSCHE

    Relator

    v.

JUDGE, SUMMIT COUNTY COURT OF
COMMON PLEAS, DOMESTIC
RELATIONS DIVISION

    Respondent

C.A. No.    31608

ORIGINAL ACTION IN PROHIBITION

Dated: February 11, 2026

PER CURIAM.

{¶1}　Relator, Thomas Fritsche, has petitioned this Court for a writ of prohibition against Respondent, the Summit County Domestic Relations Court. Mr. Fritsche seeks to prevent the Domestic Relations Court from continuing to exercise jurisdiction in his divorce action. The Domestic Relations Court has moved to dismiss the petition. Mr. Fritsche has filed a memorandum in opposition as well as a supplemental memorandum in support of his petition. He also has filed two emergency motions for expedited review. For the following reasons, we grant the motion to dismiss.

{¶2}　When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way,

it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we consider Mr. Fritsche's petition.

{¶3} The petition alleges that the Summit County Domestic Relations Court has exercised its jurisdiction in Mr. Fritsche's divorce case in violation of Ohio's venue statute. It alleges that Mr. Fritsche's wife did not reside in Summit County for at least ninety days before she filed for divorce there. According to the petition, the Domestic Relations Court has refused to consider Mr. Fritsche's objections to the case being improperly venued. He seeks a writ of prohibition to stop the Summit County Domestic Relations Court from taking any further action in his divorce case. He also asks this Court to declare all orders issued in his divorce case void, to order the case dismissed or transferred to Cuyahoga County, and to grant any other just relief.

{¶4} The Domestic Relations Court has moved to dismiss the petition for several reasons, including that the Domestic Relations Court is not sui juris. We focus on that argument because it is dispositive.

{¶5} The Ohio Supreme Court has held repeatedly that courts are not sui juris. *See, e.g., State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973); *Page v. Geauga Cnty. Prob. & Juvenile Court*, 2023-Ohio-2491, ¶ 3. This Court has reached the same conclusion in cases similar to this one. *See, e.g., Pamboukis v. Summit Cnty. Domestic Relations Court*, 2023-Ohio-4507 (9th Dist.). Mr. Fritsche insists the sui juris issue is "a red herring" because "[m]islabeling the entity does not change the substance" of his petition. He further argues that his petition "is plainly directed at the judicial officers of the Domestic Relations Division in their official capacities, as [his] own caption demonstrates." Yet, Mr. Fritsche has not named any judicial officer in his petition. Although the caption of his petition includes the word

"Judge", neither the caption nor the body of his petition names any specific judge, magistrate, or other court official. His petition only seeks relief against the Domestic Relations Court. Mr. Fritsche specifically asks this Court to issue a writ of prohibition "restraining the Summit County Domestic Relations Court from taking further action in [his divorce case] . . . ."

{¶6}   As the Ohio Supreme Court and this Court have both held, a court cannot be sued in its own right. Because Mr. Fritsche has only sought relief against the Summit County Domestic Relations Court, and the Domestic Relations Court cannot be sued in its own right, this Court must grant the motion to dismiss.

{¶7}   The case is dismissed. All other outstanding motions are denied. Costs of this action are taxed to Mr. Fritsche. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

---

SCOT A. STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

THOMAS J. FRITSCHE, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.